LANCE, Judge,
concurring:
I fully concur in the Court’s holding that, under the facts of this case, the Secretary’s procedures for and restrictions on attorney access to VBMS are reasonable under Rule 10(d). Ante at 283. I write separately to emphasize that these procedures may not be reasonable in every case. Although it is laudable that “VA will provide access at any VA facility that is more convenient for inspection” when the closest RO office requires “an attorney to travel an exceptional distance,” see ante at 291 n.9, I believe that there are circumstances where even these alternative VA facilities may be unreasonably burdensome.
As I noted at oral argument, an attorney living in Bonners Ferry, Idaho, must travel 323 miles to the closest RO in Fort Harrison, Montana. See O.A. at 18:25-40. Even under VA’s current practice of providing access at “more convenient” facilities, an attorney would have to drive more than 100 miles to the closest VA medical center, the Mann-Grandstaff VA Medical Center in Spokane, Washington.[15] By comparison, VA follows a “40-mile rule” when evaluating whether it is reasonable to make a veteran travel for medical care. See 38 C.F.R. § 17.1510(b)(2) (2016) (allowing a veteran to receive treatment at a private facility if the veteran’s residence is “more than 40 miles from the VA medical facility that is closest to the veteran’s residence”). I see no reason why a similar rule should not be used to determine whether it is reasonable to require an attorney to travel to review a claims file.
During oral argument, counsel for the appellant stated that, prior to the introduction of VBMS, a veteran’s representative could receive a paper copy of the veteran’s claims file by mail. O.A. at 10:08-45. It is not clear whether VA will provide a paper copy of VBMS to a veteran’s attorney or, if not, why it has chosen not to do so. Where the distance to the nearest VA facility is unduly burdensome, it may be prudent for VA to consider that option.
In this case, the appellant’s attorney did not argue that the distance to the nearest RO was unduly burdensome,[16] and so the Court was not required to reach that issue. However, where an attorney would be re *296 quired to travel a significant distance to review a claims file, I am not certain that VA’s procedures would continue to satisfy the reasonableness requirement of Rule 10(d), and I believe that VA would be well served to develop alternative means attorneys to review their clients’ files.

. VA provides a tool to look up the distance to the nearest VA facilities from a specified address on its website, http://www.va.gov/ directory/guide/Findlocations.cfm. The tool provides the straight-line distance between the origin and the VA facility; driving distance is often significantly farther.

. I note that the Providence, Rhode Island, RO is located less than a mile from the appellant's counsel’s office.